UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA A. JACOBS,<br>    Plaintiff,<br><br>v.<br><br>DAVID SOARS, et al.,<br>    Defendants. | C.A. No. 14-12536-LTS |
| LISA A. JACOBS,<br>    Plaintiff,<br><br>v.<br><br>DEBORAH DAVENPORT, et al.,<br>    Defendants. | C.A. No. 14-12537-LTS |

## ORDER ON PLAINTIFF'S MOTIONS "FOR CLERICAL CORRECTIONS, ETC."

SOROKIN, D.J.

Now before the Court are identical motions seeking to have the undersigned (A) grant a new date to file an amended complaint; (B) "correct the errors;" (C) send both cases to Superior Court; (D) reconsider allowing the cases to remain in federal court; (E) reconsideration of decision; and (F) order the Town of Weston to provide services to plaintiff and her mother.

The Court's records indicate that plaintiff filed notices of appeal from the dismissal of these actions. Because of this, the court lacks jurisdiction to address the issues raised in the instant motions. With some exceptions, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam), superseded on other grounds by Fed. R.App. P. 4(a)(4)(B); see 28 U.S.C. § 1291 (providing in part that the courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts ....").

Here, plaintiff has filed notices of appeal. Although plaintiff titles her motions as seeking "clerical correction," this title is a misnomer because there are no "clerical" errors that require correction. Therefore, the Court therefore DENIES plaintiff's Motions for clerical corrections and declines further action on these cases pending instructions from the Court of Appeals to the contrary.

SO ORDERED.

 June 18, 2015  /s/ Leo T. Sorokin
DATE LEO T. SOROKIN
UNITED STATES DISTRICT JUDGE